WALTER S. OLESIEWICZ, BY HIS NEXT FRIEND WLADY-STAW OLESIEWICZ, AND WLADYSTAW OLESIEWICZ IN HIS OWN RIGHT, PLAINTIFFS, v. THE CITY OF CAMDEN, A MUNICIPAL CORPORATION, DEFENDANT.

Submitted June 25, 1923—Decided July 24, 1923.

**Negligence—Repairs on Streets by Private Parties—Injury to Persons Using the Street—Liability.**

On motion to strike out complaint.

For the motion, *Howard L. Miller.*

*Contra, Albert S. Woodruff.*

The opinion of the court was delivered by

KATZENBACH, J. The defendant, a municipal corporation, moves to strike out the complaint in the above entitled case. The principal ground relied on is that the complaint fails to· disclose a cause of action. The complaint sets forth that on April 13th, 1922, the defendant was engaged in operating, on Haddon avenue, in the city of Camden, an asphalt plant and appliances, particularly a steam roller, for the purpose of paving the street for private individuals and corporations, and not as a strictly governmental function; that the plaintiff was employed in driving a team of horses attached to a coal delivery wagon; that as he was proceding northwardly on Haddon avenue the operator of the steam roller caused to be suddenly emitted therefrom steam in large quantity and with great force; that the noise therefrom frightened said horses, which ran away and injured the plaintiff. For the injuries received the plaintiff, a minor, instituted, through his father,

the present action against the city of Camden. The defendant relies upon the case of *Freeholders of Sussex* v. *Strader,* 18 *N. J. L.* 108, which held "that where a corporate body, whether of a municipal or a private character, owes a specific duty. to an individual, an action will lie for a breach or neglect of that duty whenever such breach or neglect has occasioned an injury to that individual; but if such corporation owe a duty to the public, a neglect to perform it, although every individual composing that public is injured, some more and some less, yet they can have no private remedy at the common law."

This doctrine was approved in the Court of Errors and Appeals in *Livermore* v. *Freeholders of Camden,* 31 *N. J. L.* 508.

Does this rule apply to the present case? I think not. The rule does not extend to actions where the injury is the result of active wrong doing. *Hart* v. *Freeholders of Union,* 57 *N. J. L.* 90.

In a motion to strike out a complaint the allegations of the complaint must be taken as admitted. The complaint alleges active wrong doing on the part of the defendant, namely, the negligent manner in which the steam roller was operated. This allegation is alone sufficient to take the case out of the class of cases where no obligation for negligence attaches to a municipal corporation. The complaint also alleges that the defendant was not engaged in a governmental function at the time of the occurrence of the accident, but in a private enterprise. This allegation also deters me from striking out the complaint. It may be difficult to prove, but the plaintiff is entitled to submit such proofs as he may have regarding this allegation. The other grounds assigned by the defendant for striking out the complaint merely raise, in my opinion, questions regarding the sufficiency of the allegations of the complaint. If the allegations are too meager to sufficiently apprise the defendant of the plaintiffs' cause of action the defendant is entitled, upon satisfying the court to this effect, to a bill of particulars amplifying the allegation of the complaint.

The motion to strike out the complaint is denied.